**United States District Court**
**Southern District of New York**
_____

**DANIEL EGIPCIACO,**

                            **Petitioner,**           **09 Civ. 9498 (JGK)**

        - against -                  **MEMORANDUM OPINION AND**
                                                                            **ORDER**
**UNITED STATES OF AMERICA,**

                            **Respondent.**
_____

**JOHN G. KOELTL, District Judge:**

     The petitioner, Daniel Egipciaco, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  On February 6, 2007, the petitioner was sentenced to 300 months' imprisonment after a jury convicted him of armed robbery in violation of 18 U.S.C. § 1951 (Count One); conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count Two); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, the armed robbery conspiracy charged in Count One, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i) (Count Three); and possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g) (Count Five).  The petitioner was sentenced principally to 240 months' imprisonment on Counts One and Two and 120 months' imprisonment on Count Five, all to run concurrently, and 60 months' imprisonment on Count Three, to run consecutively to the

sentence on Counts One and Two.  The sentence of twenty-five years was the mandatory minimum sentence.  His sentence was affirmed on appeal, United States v. Egipciaco, 287 Fed. App'x 119 (2d Cir. 2008) (summary order), and the Supreme Court denied his petition for certiorari, Egipciaco v. United States, 129 S. Ct. 615 (2008) (mem.).

In his petition before this Court, the petitioner raises seven claims for relief.  First, he argues that he received ineffective assistance of appellate counsel due to his counsel's delay in moving for leave to supplement his argument on appeal after the decision in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008).  Second, he argues that the Government violated the Due Process Clause of the Fifth Amendment and his right to trial under the Sixth Amendment by filing a prior felony information that exposed him to a higher sentence after he refused to plead guilty.  Third, he argues that the Court incorrectly calculated his Guidelines sentencing range.  Fourth, he argues that the sentence on Count Three should have run consecutively to Count One, rather than to Counts One and Two.  Fifth, he argues that the prior felony information filed by the Government was unclear and should have been construed under the rule of lenity.  Sixth, he argues that the Court miscalculated the amount of drugs involved in the conspiracy.  Seventh, he argues that his counsel

at sentencing and appeal was ineffective for failing to raise each of these arguments.

The Court will take each of the petitioner's arguments in turn.

I.

The petitioner argues that he received ineffective assistance of appellate counsel for his counsel's delay in raising a Whitley argument on appeal.

The petitioner filed his appellate brief on September 5, 2007.  In that brief, the petitioner did not argue that 18 U.S.C. § 924(c) did not require a consecutive mandatory minimum sentence in his case.  The Court of Appeals for the Second Circuit heard argument on the petitioner's appeal on June 13, 2008.  Three days later, on June 16, 2008, the Court of Appeals decided Whitley, holding that the consecutive mandatory minimum sentence required by § 924(c) did not apply in cases where § 924(e), the armed career criminal provision, required a longer mandatory minimum sentence.  529 F.3d at 158.  One month later, on July 16, 2008, the petitioner's appellate counsel moved for leave to file a supplemental brief arguing that the defendant should be resentenced in light of Whitley.  The argument was that because the petitioner was subject to a twenty-year mandatory minimum sentence for his violation of 18 U.S.C. § 846,

3

it was improper to impose a five year mandatory consecutive sentence under 18 U.S.C. § 924(c)(1)(A)(i).  The following day, the Court of Appeals issued a summary order denying the petitioner's appeal and affirming his conviction and sentence.  On August 8, 2008, the Court of Appeals denied his motion to file a supplemental brief as moot.

The petitioner now argues that his appellate counsel's delay in filing the motion for leave to supplement constituted ineffective assistance of appellate counsel under Strickland v. Washington, 466 U.S. 668 (1984).  To make out a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 688, 694; see also Aparicio v. Artuz, 269 F.3d 87, 95 (2d Cir. 2001) (applying Strickland standard to claim of ineffective assistance of appellate counsel).

After briefing concluded in this case, the Supreme Court decided Abbott v. United States, 131 S. Ct. 18 (2010), which abrogated Whitley.  See United States v. Tejada, 631 F.3d 614, 618 (2d Cir. 2011).  Under Abbott, the consecutive mandatory minimum sentence of § 924(c) applies notwithstanding a defendant's receipt of "a higher mandatory minimum on a

4

different count of conviction." Abbott, 131 S. Ct. at 23. This reading of § 924(c) plainly would require the Court to sentence the petitioner to, at a minimum, 300 months' imprisonment, because the five-year mandatory minimum under § 924(c) would have to run consecutively to the twenty-year mandatory minimum sentence under § 846.

As the petitioner's habeas counsel recognized at argument, no relief is available to the petitioner on this claim in the wake of Abbott. The only remedy that the petitioner seeks for the alleged denial of effective assistance of appellate counsel is resentencing. (Mem. of Law in Supp. of Daniel Egipciaco's Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 ("Pet'r's Counseled Mem.") at 25.) In such a resentencing, the Court would be required to apply § 924(c) as presently construed by the Supreme Court. See, e.g., United States v. Sampson, No. 00 Cr. 6083, 2011 WL 282743, at *2-3 (W.D.N.Y. Jan. 25, 2011). Accordingly, vacating the sentence for purposes of resentencing would be futile, and the petitioner's claim must be denied.

Moreover, it was not objectively unreasonable for appellate counsel to fail to advance earlier an argument like the argument that the Supreme Court ultimately determined to be without merit in Abbott.

The Court did ask that the United States Attorney determine whether the petitioner was disadvantaged by not having his

5

consecutive § 924(c) sentence vacated in the wake of Whitley and it appears that the petitioner was treated similarly to other defendants.  The Government has represented (and the petitioner does not dispute) that the United States Attorney's Office for the Southern District of New York sought certiorari or a stay pending Abbott in every case applying Whitley, with the exception of two cases of "oversight" and four cases in which the Government declined to pursue the matter because the defendants were receiving sentences of at least 25 years' imprisonment or life sentences even with the Whitley error. (Fischman July 25, 2011 Ltr. at 2-3.)

Accordingly, the petitioner's first claim for relief is denied.

## II.

The petitioner next argues that the Government's decision to file a prior felony information under 21 U.S.C. § 851 only after the petitioner refused to plead guilty violated the petitioner's right to due process or improperly burdened his decision to exercise his constitutional right to stand trial. The prior felony information doubled the applicable mandatory minimum sentence for the petitioner's violation of 21 U.S.C. § 846 from ten years' imprisonment to twenty years' imprisonment. See 21 U.S.C. § 841(b)(1)(A).

The Government possesses discretion to determine whether to file a prior felony information in a given case, so long as it does not base its decision on an improper factor, such as race, religion, or another "arbitrary classification." United States v. Sanchez, 517 F.3d 651, 671 (2d Cir. 2008). The petitioner argues that the Government improperly based its decision to file the prior felony information on his decision not to plead guilty, impermissibly burdening his constitutional right to proceed to trial.[1]

It is well settled that a prosecutor may base charging decisions on whether the defendant pleads guilty or proceeds to trial. See Bordenkircher v. Hayes, 434 U.S. 357, 364-65 (1978). A prosecutor's "desire to induce a guilty plea" is not an improper motive that, "like race or religion, may play no part in [the prosecutor's] charging decision." Id. Thus, a prosecutor may offer a defendant the option of pleading guilty to a charge under a criminal statute carrying a more lenient sentence, but prosecute the defendant on a statute carrying a

---

[1] Because this argument and the four that follow were not raised on direct appeal, they may only be considered on this habeas petition if the petitioner can show "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." See Sapia v. Untied States, 433 F.3d 212, 217 (2d Cir. 2005) (internal quotation marks omitted). Because, as discussed below, none of the arguments have merit, the defendant can show neither cause (in the form of ineffective assistance of counsel) nor prejudice, and he has not raised a claim of actual innocence.

7

far greater penalty, such as a recidivist statute, if the defendant does not enter a plea.  See id. at 358-59.

In Bordenkircher, the defendant was charged with uttering a forged instrument in the amount of $88.30, an offense that was punishable by a term of two to ten years in prison.  In the course of plea negotiations, the prosecutor offered to recommend a sentence of five years in prison if the defendant pleaded guilty to the indictment.  The prosecutor also made it clear that if the defendant did not plead guilty, the prosecutor would seek to obtain an indictment under a recidivist statute that would subject the defendant to a mandatory sentence of life imprisonment by reason of the defendant's two prior felony convictions.  The defendant chose to go to trial and the prosecutor obtained an indictment under the recidivist statute.  The defendant was convicted and sentenced to life imprisonment.  Id.[2]  The Supreme Court held that the conviction did not deprive the defendant of due process because the imposition of difficult choices is an "inevitable -- and permissible -- attribute of any legitimate system which tolerates and encourages the negotiation of pleas."  Id. at 364 (internal citation and quotation marks omitted).  The Supreme Court continued: "[T]his Court has necessarily accepted as constitutionally legitimate the simple

---

[2] The defendant may have been eligible for parole consideration after serving 15 years.  Id. at 369 n.1 (Powell, J., dissenting).

8

reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty."  Id.

This case is similar to Bordenkircher.  In Bordenkircher, when the defendant chose to reject a plea offer with a recommended sentence of five years' imprisonment, the prosecutor successfully prosecuted the defendant on a statute that contained a mandatory minimum sentence of life imprisonment, although that defendant may have been eligible for parole after fifteen years.[3]  In this case, when the defendant chose to go to trial, the prosecutor filed a prior felony information that increased the mandatory minimum sentence on the drug conspiracy charge, 21 U.S.C. § 846, from ten years to twenty years.  The combination of the use of prosecutorial discretion in the course of plea bargaining, specifically approved by the Supreme Court in Bordenkircher, and the applicability of a mandatory minimum sentence limits the ability of the Court to fashion a sentence that takes into account all of the sentencing factors that would ordinarily be considered at sentencing.  See 18 U.S.C. § 3553(a).

The rule of Bordenkircher precludes the petitioner's argument in this case.  Just as a prosecutor may decide to charge a defendant under a recidivist statute after the

---

[3] See supra note 2.

defendant declines to plead guilty, a prosecutor may file a prior felony information that raises the penalty associated with a charged offense after a defendant has declined to plead guilty.  See Avendano v. United States, No. 08 Civ. 2549, 2009 WL 137035, at *4 (S.D.N.Y. Jan. 21, 2009).

At oral argument, the petitioner's counsel argued that, unlike the bringing of a separate charge, the filing of a prior felony information does not give a defendant a distinct charge to oppose; that is, the defendant in Bordenkircher was entitled to a jury determination of the additional elements required by the recidivist statute under which he was ultimately convicted, whereas the prosecutor in the petitioner's case was able to obtain a higher penalty on the basis of the exact same conduct as that to which the petitioner could have pleaded guilty.[4]  However, the petitioner presents no reason why this difference should be given constitutional significance.  Bordenkircher makes clear that a prosecutor's "interest at the bargaining table . . . to persuade the defendant to forgo his right to plead not guilty" is a permissible consideration on which to base charging decisions.  Bordenkircher, 434 U.S. at 364.  It did not suggest that certain common categories of criminal statutes were outside the scope of this discretion.  Cf. id. at

---

[4] Although the fact of a previous conviction must be proven beyond a reasonable doubt, a defendant is not entitled to a jury trial on this issue.  21 U.S.C. § 851(c)(1).

10

364 n.8 (reserving the question of whether "adverse or lenient treatment for some person <u>other</u> than the accused" could be offered during plea bargaining).

Accordingly, the petitioner's second claim for relief is denied.

### III.

The petitioner next claims that the Court incorrectly calculated his Guidelines sentencing range for Count One by adopting the presentence report's application of a one-level increase because "the taking of [a controlled substance] was an object of the [robbery] offense." U.S.S.G. § 2B3.1(b)(6). The petitioner argues that this constituted impermissible double counting of the role of drugs in his offense, which was adequately reflected in Count Two.

No such error occurred. "Impermissible double counting occurs under the Sentencing Guidelines when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." <u>United States v. Sabhani</u>, 599 F.3d 215, 251 (2d Cir. 2010) (internal quotation marks and brackets omitted). "Multiple adjustments are properly imposed, however, when they aim at different harms emanating from the same conduct." <u>Id.</u> (internal quotation marks omitted).

11

Here, the § 2B3.1(b)(6) enhancement and Count Two are plainly aimed at "different harms emanating from the same conduct." Id. The § 2B3.1(b)(6) enhancement reflected the fact that the petitioner attempted to steal a controlled substance, while Count Two reflected the fact that the petitioner conspired to distribute and possess with intent to distribute that controlled substance. The two aspects of the separate offenses, although related, are harmful in different ways. There was therefore no double counting in considering both harms in sentencing the defendant.

Additionally, any such error would be harmless. Under the Guidelines, the "total punishment" meted out to a defendant (excluding any counts that must run consecutively) should be prescribed for each count that can sustain a sentence of that length. See U.S.S.G. § 5G1.2(b); see also United States v. McLeod, 251 F.3d 78, 83 (2d Cir. 2001) (describing "[t]he correct method of imposing sentences on multiple counts"). Such sentences are to run concurrently. See U.S.S.G. § 5G1.2(c).

In this case, Count Two carried a mandatory minimum sentence of 20 years' imprisonment, while Count One carried a statutory maximum sentence of 20 years' imprisonment. See 18 U.S.C. § 1951(a); 21 U.S.C. § 841(b)(1)(A). In no circumstances could the "total punishment" prescribed for the defendant be less than 20 years' imprisonment. Therefore, the advisory

12

Guidelines sentence for Count One was 20 years' imprisonment, the sentence imposed by the Court. Even if there had been error in the calculation of what the advisory Guidelines sentencing range would have been for Count One standing alone, such an error would have had no effect on the ultimate Guidelines sentence, which directed that the sentence for Count One be a concurrent sentence with the mandatory twenty year sentence on Count Two.

Accordingly, the petitioner's third claim for relief is denied.

**IV.**

The petitioner next argues that the sentence on Count Three should have run consecutively to Count One, rather than consecutively to both Counts One and Two. He further claims that the sentences for Counts One and Three should have run concurrently with Count Two.

Under the Guidelines, as explained above, the sentences on Counts One and Two were appropriately imposed to run concurrently. Section 924(c) requires a term under that section to run consecutively to "any other term of imprisonment imposed on the person," not merely to the term most closely related to the § 924(c) offense. 18 U.S.C. § 924(c)(D)(ii); see also United States v. Gonzales, 520 U.S. 1, 5 (1997). Thus the Court

13

could not have sentenced the petitioner so as to make the sentence provided by Count Three run concurrently with the sentence on Count Two, as the petitioner suggests.

Accordingly, the petitioner's fourth claim for relief is denied.

### V.

The petitioner next argues that the prior felony information was unclear and should have been construed under the rule of lenity. The prior felony information read as follows:

> On or about October 8, 2002, in New York Supreme Court, New York County, DANIEL EGIPCIACO, the defendant, was convicted upon a plea of guilty of a felony relating to narcotic drugs, namely, Attempted Criminal Possession of a Controlled Substance in the Third Degree, for which he was sentenced on or about April 17, 2003, to five years' probation.
>
> Accordingly, DANIEL EGIPCIACO, the defendant, is subject to the enhanced penalties of title 21, United States Code, Section 841(b)(1)(A), 841(b)(1)(B) and 845a(b).

The petitioner now argues that the prior felony information failed to explain why the enhanced penalties were applicable, and that the listing of multiple applicable enhanced penalties rendered the prior felony information unclear.

Neither of the petitioner's arguments has merit.

First, a prior felony information need only "stat[e] in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). The description of the prior conviction in the prior felony information filed before trial is plainly sufficient to satisfy this requirement.

Second, although "a prior felony information [need not] identify the statutory basis of a proposed enhancement or its length" it cannot "mislead a defendant as to the minimum penalty he or she would face after a jury's conviction" by listing a statutory provision with a lower mandatory minimum than the provision under which the defendant will ultimately be sentenced. United States v. Morales, 560 F.3d 112, 114, 116 (2d Cir. 2009) (per curiam). Here, the prior felony information expressly identified § 841(b)(1)(A) as a provision under which the petitioner could be sentenced, thereby "allow[ing] the defendant to knowledgeably prepare for trial or determine to plea bargain." Id. at 116. Although the prior felony information filed in this case also made mention of § 841(b)(1)(B), which carries a lower mandatory minimum, the petitioner was plainly made aware of the possibility that the Government would seek application of § 841(b)(1)(A). It was appropriate to list both § 841(b)(1)(A) and § 841(b)(1)(B), because the applicability of those sections depended on the amount of drugs that the jury found to have been involved with

15

the conspiracy. The prior felony information therefore served its purpose of alerting the petitioner to the range of sentences he might ultimately receive after trial, including the mandatory minimum sentence authorized by § 841(b)(1)(A), and it was not unclear or misleading.

Accordingly, the petitioner's fifth claim for relief is denied.

**VI.**

Next, the petitioner argues that the Court miscalculated the amount of drugs involved in the conspiracy to distribute and possess with intent to distribute charged in Count Two. At trial, the evidence established that a Government informant told the petitioner that the informant had arranged to purchase eight kilograms of cocaine and suggested that the petitioner rob the seller instead. United States v. Egipciaco, 05 Cr. 202, 2006 WL 928638, at *1-*2, *5 (S.D.N.Y. April 7, 2006). Federal agents working with the informant suggested this fabricated plot, including the detail that it would involve eight kilograms of cocaine. Id. The petitioner and the informant would each keep four kilograms of cocaine, with the petitioner reselling his share and some of the informant's share. Id. at *5. The petitioner would split his share with two men aiding him in the robbery. Id. at *5-*6. The day before the robbery was to take

place, the informant on his own initiative told the petitioner that there would be ten kilograms, rather than eight, and that they could still split them evenly. (Trial Tr. at 261, 290-91, 369.)

The petitioner argues that only four kilograms of cocaine should have been attributed to him for sentencing purposes. This argument is meritless. As part of the conspiracy charged in the indictment and proven at trial, the defendant planned to take eight to ten kilograms from the supposed seller. In doing so, he plainly would have possessed that amount of cocaine, with the intent to distribute it either by selling it himself or by giving it to the informant or the men aiding him in the robbery. Moreover, the jury specifically found that the conspiracy charged in Count Two involved five kilograms or more of mixtures and substances containing cocaine. (Trial Tr. at 626.)

Accordingly, the petitioner's sixth claim for relief is denied.

## VII.

Finally, the petitioner claims that the failure of his counsel at sentencing and/or appeal to raise each of the above arguments amounted to ineffective assistance of counsel. For the reasons discussed above, none of these arguments is meritorious. Counsel does not act deficiently by declining to

17

raise an unmeritorious argument. United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).

Accordingly, the petitioner's seventh claim for relief is denied.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above they are either moot or without merit. For the foregoing reasons, the petition for a writ of habeas corpus is **denied**. The Clerk is directed to close all pending motions and to close this case.

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because the petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated: New York, New York
October 10, 2011

John G. Koeltl
United States District Judge